(No. 91-CV-0001-)

*In re* APPLICATION OF MAMIE SHACKELFORD BLAKELY

*Order filed June 5, 1991.*
*Opinion filed March 24, 1992.*
*Order filed June 23, 1992.*

ARNOLD M. SCHWARTZ, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER III and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This claim arises out of an incident that occurred on December 19, 1988. Mamie Shackelford Blakely, mother of the deceased victim, Robert D. Morris III, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 2, 1990, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 19, 1988, the Claimant's deceased son, Robert D. Morris III, age 26, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1).

2. That the crime occurred in Joliet, Illinois.

3. That section 76.1(d) of the Act states that the claimant is eligible for compensation if the victim and the assailant were not sharing the same household at the time the crime occurred.

4. That the Attorney General's investigation shows that the victim and the assailant were sharing the same household at the time the crime occurred.

5. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

PATCHETT, J.

This claim arises out of an incident which occurred on December 19, 1988. Robert D. Morris III, the deceased victim, was strangled to death by a cellmate at the Joliet Correctional Center of the Illinois Department of Corrections. Mamie Shackelford Blakely, the mother of the deceased victim, seeks compensation in the sum of $2,713.20 for funeral and burial expenses pursuant to provisions of the Crime Victims Compensation Act. The Claimant has an additional case pending in U.S. District Court, and in the Illinois Court of Claims, arising from this incident.

On June 5, 1991, this Court entered an order denying the claim based on the finding that the victim and assailant were sharing the same household at the time of the crime. The Court further found that Robert D. Morris III indeed was a victim of a violent crime. Ms. Blakely requested review of this Court's denial, and on September 19, 1991, a hearing was conducted before a commissioner of this Court.

Ms. Blakely testified at that hearing. No other witnesses were called, and the uncontradicted evidence presented by Ms. Blakely established that a total of $2,713.20 was paid in funeral and related expenses for the burial of Robert D. Morris III.

The General Assembly repealed section 6.1(d) of the Crime Victims Compensation Act, effective July 1, 1990. The Claimant argued that this repeal should apply to the case at hand. We need not broach that issue, since the Assistant Attorney General present at the hearing before this Court agreed that the living arrangement which existed at the time of the death of Robert D.

Morris III was involuntary, and not in control of the victim. Therefore, we rule as a matter of law that this living arrangement does not amount to a "household" under the Crime Victims Compensation Act.

Therefore, we reverse our earlier decision and award the Claimant, Mamie Shackelford Blakely, the sum of $2,713.20 for funeral and burial expenses.

## ORDER

PATCHETT, J.

This cause comes before this Court upon the petition for attorney fees.

The Court has reviewed the petition, and the Court hereby enters an order allowing the attorney to collect fees from the client in the amount of $900.00.